UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
ADRIAN KHAPESI,                                                  :
:
               Plaintiff,                                  :   **MEMORANDUM AND ORDER**
:   13-CV-4149 (WFK)
               -against-                                   :
:
THE CITY OF NEW YORK; NYC DEPT. OF                               :
CORRECTIONS; and REV. KEVIN GREEN,                               :
individually and in his official capacity,                       :
:
               Defendants.                                 :
-----------------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:**

Adrian Khapesi ("Plaintiff"), currently incarcerated at the Manhattan Detention Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, Plaintiff's claims against the City of New York and New York City Department of Correction ("NYDOC") are dismissed. Plaintiff's claims shall proceed against Reverend Kevin Green.

## BACKGROUND

Plaintiff alleges that from 2010 to April 2013, he was sexually molested by Reverend Kevin Green while being housed at the Robert N. Davoren Complex ("RNDC") and George Motchan Detention Center ("GMDC") at Rikers Island. Compl. at 2–4. Plaintiff seeks monetary damages. Compl. at 5.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes

1

v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

At the outset, the Court notes that to the extent Plaintiff seeks to bring a claim against the City of New York, his claim must be dismissed as Plaintiff has failed to allege facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of Plaintiff's federally protected rights. See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403–04 (1997); Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or

custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of New York & New Jersey, 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted). See also Ulysses I & Co., Inc. v. Morton, 11 F. App'x 14, 16 (2d Cir. 2001) (stating that a mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim against a municipal defendant in the absence of any allegations of fact). Here, although Plaintiff names the City of New York in the caption of his complaint, he does not allege any facts in the body of his complaint to support a Monell claim. See Dudley v. Meekins, No. 13-CV-1851, 2013 WL 1681898, at *4 (E.D.N.Y. Apr. 17, 2013) (Garaufis, J.) ("Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City.").

Likewise, to the extent that Plaintiff seeks to name the New York City Department of Correction as a defendant, his claim also fails. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17 § 396. The New York City Department of Correction is an agency of the City of New York that lacks independent legal existence and is not a suable entity. See, e.g., Campbell v. New York City, No. 12 CV 2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (Amon, C.J.) (dismissing all claims against the NYPD and NYDOC as non-suable entities). Accordingly, Plaintiff's claims against the New York City Department of Correction are dismissed. See 28 U.S.C. § 1915A.

## CONCLUSION

For the reasons stated above, all claims against the City of New York are dismissed without prejudice pursuant to 28 U.S.C. § 1915A. All claims against the New York City

Department of Correction are dismissed with prejudice pursuant to 28 U.S.C. § 1915A. No summonses shall issue as to these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants. Plaintiff's claims shall proceed against Reverend Kevin Green.

The United States Marshals Service is directed to serve the summons, complaint, and this Order upon the remaining defendant without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York. All pretrial matters are referred to Magistrate Judge James Orenstein. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**

Dated: Brooklyn, New York
      July 24, 2013

/S/ Judge William F. Kuntz, II
HON. WILLIAM F. KUNTZ, II
United States District Judge